UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | |
| JOSE ANGEL DIAZ, | CHAPTER 13 CASE |
| | NO. 07-65559-MHM |
| Debtor. | |

## FIRST AMENDED CHAPTER 13 PLAN

JOSE ANGEL DIAZ, Debtor, filed the initial Chapter 13 Plan on April 3, 2007 and hereby amends the Chapter 13 Plan as follows:

1.

Debtor amends his Chapter 13 Plan as shown attached.

The portions of the Chapter 13 Plan (including prior Amendments, if any) have not been altered by the present Amendment and remain unchanged.

This 19th day of June, 2007.

Respectfully submitted,
JEFF FIELD & ASSOCIATES

_____
T. JEFF KOONTZ
Attorney for Debtor
State Bar No. 428098

342 North Clarendon Avenue
Scottdale, Georgia 30079
404-499-2700

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA

IN RE:                                             :
                                                   :    CHAPTER 13
JOSE ANGEL DIAZ, Debtor                            :

## CHAPTER 13 PLAN

Extension ( )                                      Composition ( X )

You should read this Plan carefully and discuss it with your attorney. Confirmation of this plan by the Bankruptcy Court may modify your rights by providing for payment of less that the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **SUBMISSION OF INCOME.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **PLAN PAYMENTS AND LENGTH OF PLAN.** Debtor will pay the sum of $715.00 per bi-weekly to Trustee by Payroll Deduction Order from debtor's employer for the applicable commitment period of 60 months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time.

The following alternate provision will apply:(Step-Plans, if any)

Plan payments will increase by $56.00 per bi-weekly upon completion or termination of 401K loan in July, 2008.

3. **CLAIMS GENERALLY. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.** An allowed proof of claim will be controlling, unless the Court orders otherwise. Objections to claims may be filed before or after confirmation.

4. **ADMINISTRATIVE CLAIMS.** Trustee will pay in full allowed administrative claims and expenses pursuant to Section 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

(A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

(B). **Debtor's Attorney's Fees.** The attorney fees to be paid by debtor are in the amount of $4,500.00 for services rendered in the case. Prior to the filing of the case the attorney received $0.00. The balance of attorney fees shall be disbursed by the Trustee as follows: (a) upon the first disbursement of the plan following confirmation of a plan, the Trustee shall disburse up to $4,500.00 after the payment of adequate protection payments and administrative fees. The remaining balance of the fees shall be paid up to $944.00 per month until the fees are paid in full; (b) if the case is dismissed or converted to Chapter 7 or 11 prior to confirmation of the plan, the Trustee shall pay fees up to $4,500.00 from available funds.

5. **PRIORITY CLAIMS.**

 (A). **Domestic Support Obligations.**

 **NONE**

 (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.
 (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. Sections 101(14A) and 1302(b)(6).
 (iii). Anticipated Domestic Support Obligation Arrearage Claims

 (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. Section 507(a)(1) will be paid in full pursuant to 11 U.S.C. Section 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property and claims for assumed leases or executory contracts.

 **NONE**

 (b). Pursuant to Sections 507(a)(1)(B) and 1322(a)(4), the following domestic support obligations claims are assigned to, owed to, or recoverable by a government unit.

 **NONE**

Claimant and proposed treatment:

 (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims and domestic support claims are paid in full.

| (a) Creditor | (b) Estimated Claim |
|---|---|
| Internal Revenue Service | $2,527.00 |
| Georgia Department of Revenue | $1,228.00 |

6. **SECURED CLAIMS.**

 (A). **Claims Secured by Personal Property which Debtor Intends to Retain.**

(i). **Pre-Confirmation adequate protection payments**. No later that 30 days after the date of the filing of this Plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to Section 1326(a)(1)(c). If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection. If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the trustee, including the amount and date of payment.

Debtor shall make the following adequate protection payments to the Trustee pending confirmation of the plan.

| (a) Creditor | (b) Collateral | (c) Adequate Protection Pymt. Amt. |
|---|---|---|
| Roadloans.com | 2003 VW Beetle | $100.00 |
| HSBC | 2001 Toyota Highlander | $100.00 |

(ii). **Post-confirmation payments**. Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b). If Debtor elects to propose a different method of payment, such provision is set forth in paragraph (c).

(a). **Claims to which Section 506 Valuation is NOT Applicable**. Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing of the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. *See* Section 1325(a)(5). After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e). Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

| (a) Creditor | (b) Collateral | (c) Purch. Date | (d) Claim Amt. | (e) Int. Rate | (f) Monthly Pymt |
|---|---|---|---|---|---|
| Roadloans.com | 2003 VW Beetle | 9/05 | $12,141.00 | 10.25% | $200.00 step to $672 beginning 8/07 |
| HSBC | 2001 Toyota Highlander | 6/05 | $11,003.00 | 1025% | $200.00 step to $672 beginning 8/07 |

(b). **Claims to which Section 506 Valuation is Applicable**. Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a). After confirmation of the plan, the trustee will pay to the holder of each allowed secured claim the monthly payment as stated in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e). the portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim. Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the Trustee are subject to the availability of funds.

**NONE**

(c). **Other Provisions**: The following claims shall be treated as general unsecured claims upon entry of an Order Avoiding Lien and upon entry of an Order Sustaining an objection to the secured treatment of the claim:

| (a) Creditor | (b) Account | (c) Estimated Claim |
|---|---|---|
| Louis Steven Goldman | Judgment | $40,853.00 |

(B). **Claims Secured by Real Property which Debtor Intends to Retain**. Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless the Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

**NONE**

(C). **Surrender of Collateral**. Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any claim filed by a secured lienholder whose collateral is surrendered will be treated as unsecured. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under Section 362(c). Upon Plan confirmation, the automatic stay will deemed lifted for the collateral identified below for surrender and the creditor need not file a motion to lift the stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be Surrendered |
|---|---|
| Westgate Resorts | Time Share |

7. **UNSECURED CLAIMS**. Debtor estimates that the total of general unsecured debt not separately classified in Plan Paragraph 10 is $127,757.00. After all other classes have been paid, Trustee will pay to creditors with allowed general unsecured claims a pro-rata share of **$11,255.40 or 15%**, whichever is greater. Trustee is authorized to increase dollar amount or percentage, if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES**. The following executory contracts and unexpired leases are assumed and payments due after the filing of the case will be paid directly by Debtor, not through Trustee, as set forth in column (c).

Debtor proposes to cure any default by paying the arrearage on the assumed leases or contracts in the amounts projected in column (d) at the same time that payments are 7made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

| (a) Creditor | (b) Nature of Lease or Executory Contract | (c) Payment to be Paid Direct by Debtor | (d) Projected Monthly Arrearage Payment Through Plan |
|---|---|---|---|
| George Abatso | Residential Lease | $1,500.00 | $0.00 |

9. **PROPERTY OF THE ESTATE**. Property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

10. **OTHER PROVISIONS**.

   (A). Special classes of unsecured claims: **NONE**

   (B). Other direct payments to creditors: **NONE**

   (C). Other Provisions:

**Any federal tax refunds the Debtor is entitled to receive for the calendar years ending 2007, 2008, 2009, 2010 and 2011 shall be paid into the Debtor's Chapter 13 case. Further, the Debtor authorizes and instructs the Internal Revenue Service to send any refund for said years directly to Debtor's Chapter 13 Trustee.**